UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TROY BROOKS,

          Petitioner,

-against-

MICHAEL McGINNIS, Superintendent,

          Respondent.
-------------------------------------------------------x

OPINION & ORDER

05 CV 5977 (NG) (MDG)

GERSHON, United States District Judge:

*Pro se* Petitioner Troy Brooks applies to this court under 28 U.S.C. § 2254 for a writ of habeas corpus, alleging he is held in custody in violation of the Constitution and laws of the United States pursuant to the judgment of a court of the State of New York. For the reasons set forth below, petitioner's application is denied.

## *Background*

The underlying facts of this case and its state procedural history are set forth in a previous opinion by this Court, *Brooks v. Ricks*, 2003 U.S. Dist. LEXIS 23921 (E.D.N.Y. Oct. 20, 2003) (Weinstein, J.), dismissed, *Brooks v. McGinnis*, 104 Fed. Appx. 761 (2d Cir. 2004), familiarity with which is assumed. Judge Weinstein denied Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus, holding all but one of Petitioner's claims procedurally barred or frivolous. With respect to whether the sentencing court's adjudication of Petitioner as a second felony offender violated his constitutional rights, Judge Weinstein held the claim meritless on the ground that "interpretation of state sentencing statutes should be left to the state. This court is bound by the state

courts' decisions. Sentencing issues normally are not to be raised in habeas proceedings." *Brooks*, 2003 U.S. Dist. LEXIS 23921, at *52. However, Judge Weinstein granted a certificate of appealability with respect to this claim, stating that, in determining whether Petitioner's prior offense – a 1992 South Carolina escape conviction – was the equivalent of a New York felony, the New York courts improperly considered the minutes of the plea allocution. *Id.* In reaching this conclusion, Judge Weinstein found that "the law of New York in multiple offender cases has been to rely on the operative words of the statute, not the indictment, and certainly not the statements made by a foreign state official." *Id.* In the words of Judge Weinstein, the "Appellate Division abandon[ed] the high level of legal analysis of Judge Fuld and the New York courts." *Id.*

The Court of Appeals for the Second Circuit dismissed Petitioner's appeal as to this claim without prejudice, finding he failed to fairly present it to the state courts. Petitioner was afforded the opportunity to exhaust this claim in state court "and then to take any appropriate steps to return to federal court if necessary." *Brooks*, 104 Fed. Appx. at 763.

On September 1, 2004, Petitioner moved *pro se*, pursuant to New York Criminal Procedure Law ("N.Y.C.P.L.") § 440.20, to vacate his sentence on the ground that his adjudication as a second felony offender violated his federal due process rights. Petitioner argued that his plea of guilty to "Escaping or attempting to escape from prison" under S.C. Code Ann. § 24-13-410 could not constitute a prior felony under New York's multiple offender statute because the South Carolina statute criminalized multiple acts, at least one of which, if committed in New York, would not be a felony.[1] Since the indictment to which Petitioner pled did not specify which crime – escape or

---

[1] S.C. Code Ann. § 24-13-410 includes an offense that, if committed in New York, would constitute a misdemeanor, i.e., attempted escape in the second degree. See N.Y. Penal Law § 205.10 ("Escape in the second degree is a class E felony."); N.Y. Penal Law § 110.05(7) ("An

2

attempted escape – Petitioner had violated, Petitioner argued, his prior offense should not be considered equivalent to a New York felony.

The State Supreme Court rejected this claim, noting that the minutes of Petitioner's 1992 plea allocution reveal that Petitioner "admitted leaving the confines of the jail." *People v. Brooks*, Ind. No. 10432-96, at 4 (Sup. Ct. Kings Co., Jan. 7, 2005) (Gary, J.). The court found that the plea allocution "proves beyond a reasonable doubt that he did not attempt to escape; he was arrested some distance away from the jail facility, thereby constituting a completed escape." *Id.*, at 5. Thus, since S.C. Code Ann. § 24-13-410 authorized a sentence of more than one year for the offense of escape, Petitioner's conviction could serve as a predicate felony under N.Y.C.P.L. § 400.21 and N.Y. Penal Law § 70.06(1)(b) so long as there existed an equivalent felony in New York. *Id.*, at 4. Justice Gary found that, if committed in New York, Petitioner's offense would have been a class E felony under N.Y. Penal Law § 205.10. *Id.* Justice Gary also denied Petitioner's claim that he was improperly denied a hearing on the constitutionality of his prior offense, holding that "[a] defendant's mere incantation that the plea was unconstitutional without more is insufficient to warrant a hearing" under N.Y. Penal Law § 70.06(1)(b). *Id.* at 4. On June 22, 2005, the Second Department denied Petitioner's application for leave to appeal.

Petitioner again seeks a writ of habeas corpus from this court. He raises the following claims: (1) Petitioner was denied due process when the sentencing court adjudicated him a second felony offender; (2) Petitioner was denied due process when the sentencing judge denied his request for an evidentiary hearing regarding the constitutionality of his prior conviction; (3) Petitioner was

---

attempt to commit a crime is a . . . (7) Class A misdemeanor when the crime attempted is a class E felony.").

3

denied a constitutional right under the Ex Post Facto Clause when the sentencing court, instead of applying the version of S.C. Code Ann. § 24-13-410 in effect in 1992, retroactively applied a revised version; and (4) Petitioner was denied due process when prosecutorial and judicial misconduct resulted in a fraudulent pre-sentence report.

## *Discussion*

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996), mandates deference to state court decisions by federal courts conducting habeas corpus review. Under its provisions, an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in the state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The habeas court must presume that the state court's determination of factual issues is correct unless the petitioner demonstrates otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that a state court decision is "contrary to" clearly established federal law if it (1) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent," *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), or (2) contradicts "the *holdings*, as opposed to the *dicta*, of [Supreme Court] decisions as of the time of the state-court decision." *Carey v. Musladin*,

4

127 S.Ct. 649, 653 (2006) (emphasis added), quoting *Williams*, 529 U.S. at 412. The Court has further held that a state court decision is "an unreasonable application of" clearly established Supreme Court precedent if, from an objective standpoint, the state court applied Supreme Court precedent unreasonably, not simply incorrectly or erroneously. *Id.* at 411. The Court of Appeals for the Second Circuit has clarified this standard, holding that "[although] some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Sellen v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

## II. Adjudication As a Second Felony Offender

Petitioner claims that his adjudication as a second felony offender and subsequent sentence enhancement pursuant to N.Y.C.P.L. § 400.21 and N.Y. Penal Law § 70.06 violated due process because the Second Department, in affirming his sentence, "neither adhere[d] to its own prior precedent, nor indicate[d] its reason(s) for reaching a different result on essentially the same facts [as a prior decision]." Petitioner's Mem. of Law, at 3. In particular, Petitioner argues that *People v. Sair*, 173 A.D. 2d 578 (2nd Dept. 1991), precluded his South Carolina conviction from serving as a predicate felony under Penal Law § 70.06.

Whether the New York courts erroneously applied New York precedent is not reviewable by this court. See *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Further, whether a conviction in another jurisdiction is a felony under the laws of New York presents no federal question. *United States ex rel. Dennis v. Murphy*, 265 F.2d 57, 58 (2d Cir. 1959) ("The use of a Canadian conviction in the application of the state

5

multiple offender law is one of state procedure and presents no federal question."); *Todd v. Berry*, 1988 U.S. Dist. LEXIS 10664, *16 - 17 (S.D.N.Y. Sept. 22, 1988) (same). To the extent Petitioner argues that the Second Department's alleged misapplication of state law is, in and of itself, a federal due process violation, Petitioner cites no clearly established federal law offended by this alleged lapse, nor could he. See *Carey*, 127 S.Ct. at 653 ("clearly established federal law" refers only to holdings of the Supreme Court). Indeed, even assuming the Second Department did fail to adhere to New York precedent, how such a failure might amount to a federal due process violation is unexplained. Finally, Justice Gary made a factual determination, supported by Petitioner's own admissions, that Petitioner did not attempt an escape in South Carolina; rather, he completed the escape. Petitioner has not demonstrated by clear and convincing evidence that Justice Gary's factual determination was unreasonable based on the evidence before him.

For the above-stated reasons, this claim is denied.

## III. Denial of Request For Evidentiary Hearing

Petitioner claims his federal due process rights were violated when the sentencing court denied his request for an evidentiary hearing notwithstanding that Petitioner controverted the constitutionality of his prior conviction. See N.Y.C.P.L. § 400.21(5).[2] In particular, Petitioner argues that his 1992 defense counsel failed to advise him that his South Carolina misdemeanor conviction could later serve as a predicate felony in New York. Petitioner fails to establish a due process violation. Even accepting Petitioner's allegations as true, South Carolina counsel was not

---

[2] N.Y.C.P.L. § 400.21(5) provides: "Where the defendant controverts an allegation in the [prior offense] statement and the uncontroverted allegations in such statement are not sufficient to support a finding that the defendant has been subjected to such a predicate felony conviction the court must proceed to hold a hearing."

6

constitutionally ineffective for not advising Petitioner that a collateral consequence of his plea might be the use of the conviction to enhance his sentence in a later case. Therefore, an evidentiary hearing would not have changed the result and the sentencing court's decision rejecting Petitioner's claim was neither contrary to, nor did it unreasonably apply, clearly established federal law.

For the above-stated reasons, this claim is denied.

## IV. Petitioner's Ex Post Facto and Prosecutorial and Judicial Misconduct Claims

Petitioner contends that the sentencing court, in finding his 1992 escape conviction a predicate felony under N.Y. Penal Law § 70.06, improperly applied a revised version of S.C. Code Ann. § 24-13-410 that, unlike the version in place in 1992, made Petitioner's prior offense a felony.[3] Thus, Petitioner argues, although he pled guilty to a misdemeanor in 1992, retroactive application of S.C. Code Ann. § 24-13-410 improperly elevated his prior offense to a felony. A review of the New York sentencing minutes reveals several references to the revised version of S.C. Code Ann. § 24-13-410. However, this error was immaterial. As Justice Gary explained in his denial of Petitioner's N.Y.C.P.L. § 440.20 motion to vacate his sentence, the crux of the predicate felony analysis is whether Petitioner's prior offense authorized a sentence of over one year, regardless of the sentence actually imposed. See N.Y. Penal Law § 70.06(1)(b)(i). Whether South Carolina labeled his offense a misdemeanor or felony is immaterial. Under both the 1992 version of S.C. Code Ann. § 24-13-410 and its successor, Petitioner's offense was punishable by a term of imprisonment in excess of one year. Once this was established, the

---

[3]In 1992, Petitioner's offense was a misdemeanor under S.C. Code Ann. § 24-13-410, punishable by a term of imprisonment of not less than six months and not more than two years. Under a later amendment, the same offense became a felony punishable by a sentence of one to fifteen years.

7

sentencing court needed only to find an equivalent New York felony to confirm Petitioner's status as a second felony offender. Therefore, because the sentencing court's reference to the revised version of S.C. Code Ann. § 24-13-410 caused Petitioner no prejudice, his Ex Post Facto claim must fail, as must his claims of prosecutorial and judicial misconduct based on the same facts.[4]

## *Conclusion*

For the foregoing reasons, the petition for relief under 28 U.S.C. § 2254 is denied in its entirety. The Clerk of Court is directed to enter judgment for respondent.

As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

SO ORDERED.

/S/
_____
Nina Gershon
United States District Judge

Dated: October 22, 2007
Brooklyn, New York

---

[4] As all of Petitioner's claims are without merit, this Court need not decide issues of timeliness or whether claims not previously raised are properly before the court.

8